UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TOMMY LEE BENTON,

    Plaintiff,

-vs-                                                      Case No. 8:09-cv-1454-T-27TGW

RICHARD B. NUGENT, et al.,

    Defendants.
_____/

## ORDER

Plaintiff is a prisoner confined at Hernando County Jail (hereinafter "HCJ"), Brooksville, Florida. He initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), and a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Dkt. 2).

Plaintiff names Sheriff Richard B. Nugent and several other prison officials as Defendants in this matter. Because Plaintiff is seeking redress from governmental officers, the Court has undertaken the mandatory screening of his complaint pursuant to 28 U.S.C. § 1915A. In pertinent part, § 1915A provides:

    (a)    Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b)    Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --

        (1)    is frivolous, malicious, or fails to state a claim upon which

relief may be granted; or

> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and those who pay the requisite filing fee. The procedure required by § 1915A is, by its terms, a screening process to be applied *sua sponte*. See id.

The Court finds, for reasons set forth *infra*, that the complaint should be dismissed prior to service of process pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915(e) (pursuant to the Prisoner Litigation Reform Act, federal courts must dismiss an *in forma pauperis* prisoner's claims "if the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune form such relief.").

## Discussion

Plaintiff alleges that Defendants have deprived him access to the courts by denying him access to the law library at HCJ. He also complains Defendant Hemley required Plaintiff to provide him with copies of four motions to prove Plaintiff was proceeding pro se. Finally, Plaintiff claims Defendant Hemley told him that he was not allowed to use the law library unless his case was in the courts of Hernando County.

For relief, Plaintiff asks the Court to order Defendants to provide Plaintiff with access to HCJ's law library, and award punitive damages in the amount of $150,000.00 to Plaintiff.

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. See Tannenbaum v. United States,

148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys"). A plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks. "[E]ven in the case of pro se litigants . . . leniency does not give a court license to serve as de facto counsel for a party, . . or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). See also, Pontier v. City of Clearwater, Fla., 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

In *Lewis v. Casey*, 518 U.S. 343 (1996) the Supreme Court held that "*Bounds* established no [right to a law library or to legal assistance]. . . . The right that *Bounds* acknowledged was the (already well-established) right of access to the courts." *Lewis*, 518 U.S. at 350 (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). The Eleventh Circuit has clearly stated that a plaintiff raising an access-to-court claim "must show actual injury before seeking relief." *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998). A prisoner "cannot merely allege a denial of access to a law library..." *Id.* at 1291. Access to a law library "is not required of prisons, but rather is one way of assuring the constitutional right of access to the courts. The mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment." *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) (citation omitted).

Construed liberally, Plaintiff's allegations raise a claim of denial of access to the courts. However, to prevail in an access-to-court claim, Plaintiff must show how Defendants' conduct impeded him from pursuing a non-frivolous direct or collateral attack on a sentence or a

3

challenge to conditions of confinement. *Wilson*, 163 F.3d at 1290. Because Plaintiff has not alleged or shown that Defendants' conduct impeded him from pursuing a non-frivolous direct or collateral attack on a sentence or a challenge to conditions of confinement, Plaintiff has failed to meet the standard for access-to-court claims set forth in *Wilson*.

The Court finds that Plaintiff has failed to state a claim of denial of access to court. Accordingly, this claim is subject to dismissal pursuant to 28 U.S.C. § 1915A.

### Conclusion

For the foregoing reasons, the Court finds that, pursuant to 28 U.S.C. § 1915A(b)(1), this matter cannot go forward at this time.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's complaint is **DISMISSED** without prejudice for failure to state a claim for which relief can be granted (Dkt. 1).

2. The **Clerk of Court** is directed to terminate all pending motions and close this case.

**DONE AND ORDERED** in Tampa, Florida, on *August 3rd*, 2009.

JAMES D. WHITTEMORE
United States District Judge

SA: sfc
Copy to: Plaintiff *pro se*

4